FIRMAN OUDERKIRK et al., Appellants, *v.* BAYLESS PULP AND PAPER COMPANY et al., Respondents.

Trial — inconsistent findings — application of rule that when there are contradictory findings those most favorable to appellant must prevail — findings examined and held not to be inconsistent.

The rule that where there are contradictory findings that finding must prevail which is most favorable to the appellant should be applied reasonably. It is not to be assumed that the trial judge or referee has been consciously and intentionally inconsistent in passing upon the

questions of fact submitted to him for decision, nor is it any part of the duty of an appellate court to search zealously for contradictions in order to reverse a judgment. The findings of fact should be harmonized, if possible, so as to sustain the conclusions of law and the judgment based thereon.

A finding that a contract was made on a certain day, and that at the time it was made one of the parties had no knowledge of certain facts which it is claimed affected its good faith in connection therewith to the prejudice of a third party, does not contradict a finding that such party was informed of that fact on the same day, where it is not found that this information was given previous to the completion of the final contract between the parties and where the proof shows that it was subsequent thereto.

*Ouderkirk* v. *Bayless Pulp & Paper Co.*, 128 App. Div. 914, affirmed.

(Argued June 13, 1910; decided October 18, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 20, 1908, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles E. Snyder, Albert M. Mills* and *C. D. Thomas* for appellants. When findings are conflicting those are to be taken as true which are most favorable to the appellant. (*Hamlin* v. *Hamilton*, 192 N. Y. 164; *Elterman* v. *Hyman*, 192 N. Y. 116; *Bremer* v. *Manhattan Ry. Co.*, 191 N. Y. 339; *Whalen* v. *Stuart*, 194 N. Y. 495; *Nickell* v. *Tracy*, 184 N. Y. 386; *Hamilton* v. *Fleckenstein*, 118 App. Div. 579; *Phelps* v. *Vischer*, 50 N. Y. 69; *Bennet* v. *Buchanan*, 76 N. Y. 386; *Tompkins* v. *Lee*, 59 N. Y. 662 ; *Redfield* v. *Redfield*, 110 N. Y. 671; *Bonnell* v. *Griswold*, 89 N. Y. 122; *Kelley* v. *Leggett*, 122 N. Y. 633.) From the facts found defendants are not entitled to the immunity of innocent purchasers for value without notice ; defendants had not completed their purchase when they learned of plaintiffs' contract. (*Stalker* v. *McDonald*, 6 Hill, 93 ; *Merritt* v. *N. R. R. Co.*, 12 Barb. 605 ; *Fairbanks* v. *Sargent*, 104 N. Y. 108 ; *McCauley* v. *Smith*, 132 N. Y. 524 ; *Bowen* v. *Daw-*

*ley*, 116 App. Div. 568; *Sargent* v. *E. S. A. Co.*, 46 Hun, 9; *Pickett* v. *Barron*, 29 Barb. 505; *Dows* v. *Kidder*, 84 N. Y. 121; *Dresser* v. *M., etc., Co.*, 93 U. S. 92.) The referee erred in applying the rule of innocent purchaser to this case. Even though defendants knew nothing of plaintiffs, they purchased subject to plaintiffs' rights. Defendants received no other or better title than Ordway had. (*Colson* v. *Arnot*, 57 N. Y. 253; *Ballard* v. *Burgett*, 40 N. Y. 314; *Rapps* v. *Gottlieb*, 142 N. Y. 164; *Farmers', etc., Bank* v. *Logan*, 74 N. Y. 575; *Austin* v. *Dyer*, 40 N. Y. 500; *Wooster* v. *Sherwood*, 25 N. Y. 279; *Phœnix Ins. Co.* v. *Church*, 81 N. Y. 218; 2 Kent's Com. 324; *Bockes* v. *Hathorn*, 20 Hun, 504; *Stevenson Brewing Co.* v. *Iba*, 152 N. Y. 224; *Greene* v. *Warnick*, 64 N. Y. 220.)

*William Nottingham* and *Theodore R. Tuthill* for respondents. The facts are not now subject to review upon this appeal, but must be deemed to be as found by the trial court; not only was there some evidence to support the findings of fact made by the referee, but the proof to that end was cogent and abundant. (*Nat. Bank* v. *Rogers*, 166 N. Y. 380; *Castleman* v. *Mayer*, 168 N. Y. 354; *Cassidy* v. *Uhlmann*, 170 N. Y. 505.) The Bayless Company is entitled to hold the stock as *bona fide* purchaser for value from Ordway, who had both title and possession. (*Central Trust Co.* v. *West India Improvement Co.*, 169 N. Y. 328; *Crocker* v. *Crocker*, 31 N. Y. 507; *Dodds* v. *Hills*, 2 H. & M. [Eng. Ch.] 424; *Bassett* v. *Nosworthy*, 2 W. & T. L. C. 1; *Soc. Gen. de Paris* v. *Walker*, L. R. [11 App. Cas.] 20; L. R. [14 Q. B. Div.] 428; *Simpson* v. *Del Hoyo*, 94 N. Y. 189; *Knox* v. *E. M. Co.*, 148 N. Y. 454; *Lighthouse* v. *T. Nat. Bank*, 162 N. Y. 345; *Newton* v. *McLean*, 41 Barb. 285; *Beal* v. *Miller*, 1 Hun, 390; *Dunlop* v. *Avery*, 89 N. Y. 592; *Williams* v. *Jackson*, 107 U. S. 478.)

Willard Bartlett, J. This is a suit to enforce the specific performance of a contract between the plaintiffs and the

defendant Oscar W. Ordway, made on August 8, 1905, for the sale and transfer to the plaintiffs of 1,500 shares of the capital stock of the St. Anne Power Company of Canada and 1,500 shares of the capital stock of the Beaupre Power Company of Canada and to enjoin the defendants from transferring such stock to any persons except the plaintiffs. The Bayless Pulp and Paper Company claims to be the owner of the stock in question under two contracts with the defendant Ordway made on August 18th and August 25th, 1905. The contention of the plaintiffs is that the Bayless Pulp and Paper Company entered into these contracts of August 18th and 25th, 1905, with notice of the plaintiffs' option to acquire stock under the previous contract of August 8th, 1905, with Ordway; and that the corporation acted in bad faith through its representatives and became liable to them as the assignee of Ordway and was bound to carry out the contract of August 8th, 1905, under which the plaintiffs would become entitled to the stock upon payment of the purchase price and performance of the conditions therein specified. The theory of the action was that where the owner of capital stock in a corporation has given a time option to an intending purchaser any one who buys the stock with knowledge of the outstanding option obtains no title as against the holder of the option and may be compelled by him to fulfill the terms and conditions of the option contract.

The case was tried before a lawyer of great experience and professional distinction who had long been a justice of the Supreme Court. It presented a clearly defined issue of fact as to the time when the Bayless Pulp and Paper Company through its representatives acquired any knowledge or information as to the existence of the option contract. The defendants positively denied that they negotiated for or purchased the stock from Ordway with knowledge of the existence of the option or knowing that the plaintiffs held or claimed to hold any right to said stock or any interest therein whatever. Upon this issue the referee found explicitly in favor of the defendant corporation, as follows: " The defend-

24

ant Bayless Pulp & Paper Company became the purchaser of said shares of stock as provided in and by said agreement of August 18, 1905, and August 25, 1905, * * * subject to the terms and conditions thereof, in good faith and for value and without notice, knowledge or information of the option given by Oscar W. Ordway to the plaintiffs herein on August 8, 1905, to which reference may be had for greater particularity."

Here is a finding which distinctly negatives a proposition which it was essential for the plaintiffs to establish in order to entitle them to judgment in their favor assuming the correctness of the theory upon which their action was based. There is ample evidence in the record to support this negative finding. The judgment cannot be reversed on the ground that this finding is without any evidence to sustain it.

Availing themselves of the privilege permitted by our system of procedure the plaintiffs presented to the referee 254 requests to find, and they contend that in response to one of these requests the referee found that the Bayless Pulp and Paper Company learned of the pre-existing Ordway option to the plaintiffs on August 25, 1905. This was the day on which the Bayless Pulp and Paper Company made its second or final contract to purchase the stock. The finding upon which the plaintiffs thus rely was made in response to the plaintiffs' 102nd request and is in these words: " On the 25th of August, 1905, before leaving the City of Quebec the said George C. Bayless and William G. Phelps were informed by the said Charles E. Taschereau of the outstanding contract and option between the said Oscar W. Ordway and the plaintiffs, which the plaintiffs then held and owned, for the purchase of all said capital stock of the St. Anne Power Company and the Beaupre Power Company."

It will be observed that there is no necessary contradiction between this finding and the finding contained in the referee's formal decision to the effect that the Bayless Pulp and Paper Company became the purchaser of the stock under the agreements of August 18th and August 25th, 1905, in good

faith and for value and without notice, knowledge or information of the option given by Ordway to the plaintiffs on August 8th, 1905. The precise time on August 25th, 1905, when Messrs. Bayless and Phelps were informed by Mr. Taschereau of the Ordway option is not stated in the finding made in response to the plaintiffs' 102nd request. It is not declared to have been previous to the execution and delivery of the final contract with the defendant corporation, and as matter of fact the proof shows that it was subsequent thereto. As the learned referee points out in his opinion, it was only when Mr. Bayless was on his way to the hotel or depot at Quebec after the execution of the contract of August 25, 1905, and the transfer of the stock that any mention was made of the fact that Ordway had given others some sort of an option. In any view of the case, therefore, a notice given at this time was too late.

The appellants contend, however, that any notice was in time which preceded the actual payment of money provided for in the contracts with the defendant corporation. This view is clearly erroneous if the contracts had created an absolute obligation on the part of the purchaser to take and pay for the stock. The preliminary contract of August 18, 1905, was an agreement of purchase which left only one element unsettled. The value of the St. Anne Power Company stock depended upon a satisfactory lease from the Seminary of Quebec. The Bayless Pulp and Paper Company bound itself to secure such a lease if possible and if it were secured to purchase the stock. The contract of August 25, 1905, was an agreement in fulfillment of the preliminary contract under which the stock was transferred and delivered to C. E. Taschereau as trustee to be surrendered to the Bayless Pulp and Paper Company when the balance of the purchase-price should be paid. Upon the execution and delivery of this contract the obligation on the part of the Bayless Pulp and Paper Company had become so complete and effective as to be incapable of nullification by any subsequent notice from a third party claiming to hold an earlier option from Ordway.

The rule that where there are contradictory findings that finding must prevail which is most favorable to the appellant should be applied reasonably. It is not to be assumed that the trial judge or referee has been consciously and intentionally inconsistent in passing upon the questions of fact submitted to him for decision nor is it any part of the duty of an appellate court to search zealously for contradictions in order to reverse a judgment. The findings of fact should be harmonized if possible so as to sustain the conclusions of law and the judgment based thereon. The one prominent feature in the decision of the present case is the proposition of fact that when the Bayless Pulp and Paper Company entered into its contract for the purchase of the stocks in question it had no knowledge of the pre-existing option from Ordway to the plaintiffs if there was one. The referee found this fact as distinctly as language can state it and his subsequent finding that notice of the earlier option came to the purchaser on August 25, 1905, does not necessarily involve any contradiction inasmuch as such notice clearly appears to have been withheld until after the final contract of purchase was fully executed and delivered.

This feature of the case is the only one which we deem it necessary to discuss inasmuch as our conclusion in respect thereto clearly requires an affirmance of the judgment. The plaintiffs have been defeated in the courts below upon an issue of fact in regard to which it was essential for them to succeed in order to maintain their action. The evidence suffices to sustain the finding of the trial court upon this issue. The record discloses no error of law and, therefore, there is no basis for any interference by this court with the result reached below. The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.